# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gary W. Jeffrey,**
**Petitioner Below, Petitioner**

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 17-0792** (Kanawha County 14-P-252)

**R.S. Mutter, Superintendent,**
**Stevens Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary W. Jeffrey, by counsel Robert P. Dunlap II, appeals the Circuit Court of Kanawha County's June 9, 2017, order denying his petition for writ of habeas corpus.[1]

---

[1]Petitioner originally listed the warden of Huttonsville Correctional Center as respondent in this matter. However, petitioner is no longer housed at Huttonsville Correctional Center and is, instead, housed at Stevens Correctional Center. Pursuant to Rule 41(c) of the Rules of Appellate Procedure, the name of the correct public officer has been substituted as respondent in this action. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

We also note that petitioner's counsel filed a brief in accordance with Rule 10(c)(10) of the West Virginia Rules of Appellate Procedure, which provides that

> [t]he following requirements must be observed when counsel in a criminal, habeas corpus, or abuse and neglect case is directed by a client to file an appeal where counsel lacks a good faith belief that an appeal is reasonable and warranted under the circumstances:
>
> (a) Counsel must engage in a candid discussion with the client regarding the merits of the appeal. If, after consultation with the client, the client insists on proceeding with the appeal, counsel must file a notice of appeal and perfect the appeal on the petitioner's behalf. The petitioner's brief should raise any arguable points of error advanced by the client. Counsel need not espouse unsupportable contentions insisted on by the client, but should present a brief containing appropriate citations to the appendix and any case law that supports the assignments of error.

(continued . . . )

Respondent R.S. Mutter, Superintendent, by counsel Benjamin F. Yancey III, filed a response. On appeal, petitioner argues that the circuit court erred in finding that he received effective assistance of counsel and that his sentence was not excessive.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 11, 2012, petitioner robbed a convenience store clerk at knifepoint in South Charleston, West Virginia. Following the robbery, petitioner proceeded to a second convenience store where he purchased lottery tickets and asked a customer for a ride to St. Albans, West Virginia. That customer declined, and petitioner took a cab to St. Albans. There, petitioner was apprehended by police, who found a knife in his pocket. The clerk who petitioner robbed positively identified petitioner as the perpetrator, and petitioner admitted to an investigating officer that he "[r]obbed 7-11 like a dumbass." Petitioner was subsequently indicted on one count of first-degree robbery.

Petitioner entered into a plea agreement with the State, and they appeared for a plea hearing on September 11, 2012. Petitioner agreed to plead guilty to first-degree robbery, and the State agreed not to file a recidivist action against petitioner, who has been convicted of prior felonies. At petitioner's plea hearing, the circuit court advised him that he faced a minimum sentence of ten years of incarceration, but that there was "no ceiling on that," or maximum term of incarceration set by the legislature. Nonetheless, petitioner proceeded with entering his guilty plea to first-degree robbery.

Shortly thereafter, on November 14, 2012, petitioner and the State appeared for sentencing. Petitioner was afforded the opportunity to correct any factual errors in the presentence investigation report, but had none to report. At various times throughout the sentencing hearing, the State, petitioner, and the circuit court detailed portions of petitioner's extensive criminal history. Petitioner did not object to any recitation of the crimes he was reported to have committed, nor did he object to the court's statement for the record that

---

(b) In extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

petitioner had received a copy of the presentence investigation report and had read it. Ultimately, after concluding its recitation of petitioner's "stunning" thirty-five-year criminal history that spanned three states, the court sentenced petitioner to forty years of incarceration.

Petitioner thereafter filed a motion for reduction of his sentence. On September 13, 2013, the circuit court held a hearing on the motion. Petitioner's extensive criminal history was again referenced without challenge or correction. Petitioner then detailed his deteriorating health. On December 4, 2013, the circuit court granted petitioner's motion to reduce his sentence and sentenced him to a definite thirty-year term of incarceration.

Petitioner filed a pro se petition for a writ of habeas corpus in 2014. Following appointment of counsel, petitioner filed an amended petition on August 9, 2016, asserting the grounds of ineffective assistance of counsel, inaccurate presentence investigation report, mental incompetence at the time of the offense, excessive sentence, and cumulative error. The circuit court held an omnibus hearing on February 24, 2017. By order entered on June 9, 2017, the court denied petitioner's request for habeas relief. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner advances two assignments of error. First, petitioner argues that the circuit court erred in determining that his trial counsel rendered effective assistance of counsel. In support, petitioner argues that he had been on a "bender" prior to robbing the convenience store, that counsel was aware of his drug and alcohol consumption, and that counsel, therefore, was ineffective for failing to request a psychological evaluation to determine whether diminished capacity would be a viable defense.

Petitioner also asserts that counsel informed him that he would receive a ten-year prison sentence. Although petitioner admits that the circuit court informed him that the minimum term of incarceration to which he could be sentenced was ten years and that there was "no ceiling" on the maximum term, he insists nonetheless that, based on discussions with counsel, he believed he would only receive a ten-year sentence.

Finally, petitioner claims that several prior offenses listed on his presentence investigation report "were incorrect or inaccurately described."

We review ineffective assistance of counsel claims as follows:

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Furthermore,

[i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.* at 6-7, 459 S.E.2d at 117-18, Syl. Pt. 6.

When a defendant pleads guilty,

the prejudice requirement of the two-part test established by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Syl. Pt. 6, *State ex rel. Vernatter v. Warden, W.Va. Penitentiary*, 207 W.Va. 11, 528 S.E.2d 207 (1999).

We find no merit to petitioner's contention that he received ineffective assistance of counsel as it relates to a purported diminished capacity defense. Petitioner's counsel testified at the omnibus hearing that, despite petitioner's contrary assertions, petitioner never requested a psychiatric evaluation. Counsel acknowledged that petitioner recounted that he had been on a "bender" prior to the robbery, but counsel also recalled that petitioner was not "extraordinarily intoxicated" and stated that he committed the robbery to get money for more drugs because he had been "ripped off in a drug deal." In other words, petitioner informed counsel that he committed the robbery to get more drugs after not receiving the quantity or quality previously sought, and not that he was so intoxicated that a psychological evaluation was necessary.

The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information.

4

*State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 327, 465 S.E.2d 416, 429 (citation and internal quotations omitted). Accordingly, we find no error in the circuit court's conclusion that "petitioner's addiction provided motive to commit the crime, not a legal excuse to avoid consequences."

Furthermore, we find no error in the circuit court's conclusion that the evidence simply does not support a diminished capacity defense. Aside from petitioner's assertion at his omnibus hearing that he was "totally out of w[h]ack" at the time he committed the robbery, there is no evidence to support this contention. As the circuit court noted, at the time petitioner committed this crime, he interacted with a number of individuals who failed to note any impairment:

> During the robbery, and in a very few hours after the robbery, the petitioner interacted with, and spoke to the clerk, a witness from whom the petitioner requested a ride, a witness in the parking lot of the store who heard the clerk scream for help, a cab driver, a clerk at another convenience store from whom the petitioner purchased lottery tickets, Patrolman Bailes, Office[r] Harden, Detective Gordon[,] and Correctional Office[r] Steele. The petitioner gave a formal statement in which he admitted robbing the clerk. He could tell the police precisely where he'd hidden the clothing he wore during the robbery.

We, accordingly, find no error in the circuit court's conclusion that trial counsel was not ineffective for "failing to explore a diminished capacity defense as the evidence of record does not support that defense."

With respect to petitioner's assertions concerning his expected sentence, petitioner's trial counsel testified at the omnibus evidentiary hearing that he did not inform petitioner that he would receive a ten-year prison sentence. In fact, counsel testified that he believed a ten-year sentence would be unlikely given petitioner's substantial criminal record. Moreover, when petitioner entered his plea, the record reflects that the circuit court informed him there was no set maximum term of incarceration and ten years of incarceration was the minimum sentence prescribed by statute. The court concluded that petitioner was accurately informed of the sentencing possibilities and not promised a certain sentence or misled into pleading guilty because of a promise that he would receive a particular sentence. These findings were not clearly erroneous. Accordingly, we find no error in the circuit court's denial of petitioner's habeas petition on this ground.

Petitioner's final allegation of ineffective assistance of counsel concerns purported inaccuracies in the presentence investigation report. However, other than noting that Florida, one of the states in which petitioner has been convicted, "elevates larceny/theft to a felony offense after three shoplifting charges regardless of the monetary value of the items taken[,]" petitioner fails to identify any inaccuracies in the report.[2] Moreover, petitioner did not dispute the circuit

---

[2]We also note that "skeletal argument[s]" that are nothing more than assertions of error do not preserve claims. *State v. Myers*, 229 W.Va. 238, 246, 728 S.E.2d 122, 130 (2012).

(continued . . . )

court's assertion at sentencing that he had received and reviewed the report; though he was given the opportunity, he failed to identify any inaccuracies at that time. Accordingly, we find no abuse of discretion in the circuit court's conclusion that this contention is unsupported by the evidence.

Petitioner's second assignment of error concerns his prison sentence. Namely, petitioner contends that his sentence is disproportionate to the crime committed and based upon inaccurate information in the presentence investigation report.[3]

Two tests are employed in determining whether a sentence is constitutionally disproportionate: a subjective test and an objective test. *State v. Gibbs*, 238 W.Va. 646, 659, 797 S.E.2d 623, 636 (2017). "Under the subjective test, [p]unishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." *Id.* (internal quotations and citation omitted). We find no error in the circuit court's conclusion that petitioner's sentence does not shock the conscience or offend fundamental notions of human dignity given the violent nature of petitioner's crime. As the circuit court noted, "[p]etitioner terrorized a woman simply trying to earn a living in order to feed his drug habit."

In analyzing a sentence under the objective test, "consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." *Id.*, *citing* Syl. Pt. 5, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981). Petitioner acknowledges that first-degree robbery is a serious offense. Indeed, "[r]obbery has always been regarded as a crime of the gravest character." *State v. Mann*, 205 W.Va. 303, 315, 518 S.E.2d 60, 72 (1990) (citation omitted).

Petitioner also acknowledges that this Court has previously discussed the legislative purpose behind this open-ended punishment. Specifically, the Legislature elected not to impose a maximum sentence for first-degree robbery to "give[] recognition to the seriousness of the offense" and "allow[] trial courts to consider the weight of aggravating and mitigating factors in each particular case." *Id.* at 315-16, 518 S.E.2d at 72-73 (citation omitted). The Legislature decided "not to deprive trial courts of discretion to determine the appropriate determinate term for life or for a specific number of years above the statutory minimum[.]" *Id.* at 315, 518 S.E.2d at 72. Here, in its exercise of that discretion, the circuit court found that petitioner's offense was violent and heinous, and it gave consideration to the fact that petitioner "ha[s] been committing crimes for [thirty-five] years."

Finally, we have previously documented other jurisdictions' penalties for first-degree robbery, which include sentences in excess of petitioner's thirty-year sentence. *See id.* at 316, 518 S.E.2d at 73. Likewise, we have previously set forth penalties for other offenses within this

---

[3]West Virginia Code § 61-2-12 sets forth the punishment for first-degree robbery and imposes a minimum term of incarceration of ten years without setting a fixed maximum term.

jurisdiction that exceed petitioner's sentence. *See Gibbs*, 238 W.Va. at 661, 797 S.E.2d at 638. Consequently, petitioner has failed to demonstrate that his sentence is disproportionate to his crime, and we find no error in the circuit court's denial of habeas relief on this ground.

For the foregoing reasons, we affirm the circuit court's June 9, 2017, order denying petitioner's amended petition for a writ of habeas corpus.

Affirmed.

**ISSUED:**  October 12, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating

7